**NOT FOR PUBLICATION**

```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| 21 BROAD STREET DBT, LLC, | CIVIL ACTION NO. 11-3724 (MLC) |
| Plaintiff, | **O P I N I O N** |
| v. | |
| SML REALTY OF NJ, LLC, et al., | |
| Defendants. | |

**THIS ACTION** to foreclose upon certain property ("Property") was brought in state court against, among others, the defendant SML Realty of NJ, LLC ("SML"), and removed to this Court. (Dkt. entry no. 1, Rmv. Not.; id., Ex. B, Am. Compl.) The plaintiff alleges that (1) in order to facilitate the underlying loan to SML, the defendants Agostino Antiques, Ltd., Salvatore Trupiano, Louis Trupiano, and Marie Carlino guaranteed payment of the loan, and (2) the defendant C and A Capital, LLC, is a purchaser of the Property. (Am. Compl. at 5, 8.) SML has now petitioned for relief ("Bankruptcy Case") in the United States Bankruptcy Court for the Eastern District of New York ("New York Bankruptcy Court"), and lists the plaintiff, Salvatore Trupiano, Louis Trupiano, and Marie Carlino as creditors. See Petition, In re SML Realty of NJ, LLC, No. 11-44160 (Bankr. E.D.N.Y. May 16, 2011).

**AN ACTION** is "related to" bankruptcy if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy". Pacor, Inc. v. Higgins, 743 F.2d

984, 994 (3d Cir. 1984) (emphasis omitted); see In re Combustion Eng'g, 391 F.3d 190, 226 (3d Cir. 2004).[1] To be "related to" bankruptcy, the entire action need not be against the debtor or the debtor's property only. Pacor, 743 F.2d at 994. An "action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate". Id.; see also In re Combustion Eng'g, 391 F.3d at 226.

**PURSUANT TO** 28 U.S.C. § ("Section") 1412, a district court "may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties". 28 U.S.C. § 1412; see 28 U.S.C. § 1409(a) (stating "proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending"); Maritime Elec. Co. v. United Jersey Bank, 959 F.2d 1194, 1212 (3d Cir. 1991) (instructing that proper method for transferring related action

---

[1] The "Supreme Court effectively has overruled Pacor with respect to its holding that the prohibition against review of a remand order in 28 U.S.C. § 1447(d) is not applicable in a bankruptcy case. See Things Remembered, Inc. v. Petrarca, 516 U.S. 124 . . . (1995). But Things Remembered does not disturb the authority of Pacor on the points for which we cite it. In fact, the Pacor test has been enormously influential as a cogent analytical framework relied upon by our sister circuits more than any other case in this area of the law." In re Resorts Int'l, 372 F.3d 154, 164 n.6 (3d Cir. 2004) (quotations and citation omitted).

2

to bankruptcy court already hearing bankruptcy case is to change venue from non-bankruptcy forum to bankruptcy forum under Section 1412, and then refer related action to bankruptcy court); Abrams v. Gen. Nutrition Cos., No. 06-1820, 2006 WL 2739642, at *8 (D.N.J. Sept. 25, 2006) (finding Section 1412 applies to transfer of action "related to" bankruptcy case). In general, the forum where the bankruptcy case is pending is the proper venue for all actions "related to" that bankruptcy case. Abrams, 2006 WL 2739642, at *9; see Hohl v. Bastian, 279 B.R. 165, 177 (W.D. Pa. 2002); Krystal Cadillac-Oldsmobile-GMC Truck, v. Gen. Motors Corp., 232 B.R. 622, 627 (E.D. Pa. 1999).

**THIS ACTION** is related to the Bankruptcy Case because an outcome here will affect the estate being administered. See Pacor, 743 F.2d at 994. Also, the Bankruptcy Case is being actively litigated. See Docket, In re SML Realty of NJ, LLC, No. 11-44160 (Bankr. E.D.N.Y.). Thus, the interests of justice and the convenience of the parties favor a transfer of venue, as the New York Bankruptcy Court will be better positioned to determine how and to what extent the plaintiff's claims will affect (1) the bankruptcy estate, (2) the estate's efficient administration, and (3) asset distribution. See 28 U.S.C. § 1412; Abrams, 2006 WL 2739642, at *9; Hohl, 279 B.R. at 178.

**THE COURT** intends to transfer this action to the Eastern District of New York immediately, as time is of the essence in

3

view of the active Bankruptcy Case. For good cause appearing, the Court will issue an appropriate order.[2]

                                              s/ Mary L. Cooper
                                              **MARY L. COOPER**
                                              United States District Judge

Dated: July 29, 2011

---

[2] The transferee district court should refer this action to the New York Bankruptcy Court. See 28 U.S.C. § 157(a) (stating "district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district"); Maritime Elec. Co., 959 F.2d at 1212. The extent of the New York Bankruptcy Court's authority over this action depends on whether it is (1) a "core proceeding" or (2) a "non-core proceeding" otherwise related to a case under title 11. 28 U.S.C. § 157(b)(1)-(4); see 28 U.S.C. § 157(b)(1) (stating bankruptcy court may enter order or judgment in core proceeding); 28 U.S.C. § 157(c)(1) (stating bankruptcy court submits proposed findings of fact and conclusions of law to district court in non-core proceedings, and final order will be entered by district court after considering same); see also Mullarkey v. Tamboer (In re Mullarkey), 536 F.3d 215, 220-21 (3d Cir. 2008) (discussing bankruptcy court's authority). The New York Bankruptcy Court will determine whether this action is a core proceeding or related-to proceeding. See 28 U.S.C. § 157(b)(3); Certain Underwriters at Lloyd's of London v. Otlowski, No. 08-3998, 2009 WL 234957, at *2 (D.N.J. Jan. 29, 2009) (stating "Section 157(b)(3) calls for the bankruptcy judge to make the initial decision on whether a case is a core proceeding, and its language is not ambiguous"); E. W. Trade Partners v. Sobel WP (In re E. W. Trade Partners), No. 06-1812, 2007 WL 1213393, at *3-4 (D.N.J. Apr. 23, 2007) (same).

4